**Clifton Vernon BOBB, Petitioner— Appellant,**

v.

**Donald HELLING, Respondent— Appellee.**

**No. 04–16919.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 2005.

Decided Sept. 1, 2005.

Linda Marie Bell, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Robert E. Wieland, Esq., David L. Thompson, Esq., Nevada Attorney General's Office, Reno, NV, for Respondent–Appellee.

---

Before: PREGERSON, KLEINFELD, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Clifton Vernon Bobb ("Bobb") appeals the district court's denial of his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254, which challenged his conviction for first degree murder with the use of a deadly weapon, accessory to murder, and conspiracy to commit murder. We affirm.

Bobb claims that his trial counsel, Jeffrey Morrison ("Morrison"), was ineffective because he failed to conduct a full investigation before proceeding to trial. To prevail on his claim, Bobb must establish (1) that Morrison's representation was outside the wide range of professionally competent assistance, and (2) Bobb was prejudiced by Morrison's representation. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

We assume for purposes of this decision that Morrison's investigation was inadequate because he failed to develop impeachment evidence properly, to investigate the prosecution's witness adequately, and proceeded to trial without asking for a continuance. *See Rios v. Rocha,* 299 F.3d 796, 805 (9th Cir.2002); *Silva v. Woodford,* 279 F.3d 825, 840 (9th Cir.2002) ("[A] lawyer's duty to investigate is virtually absolute, regardless of a client's expressed wishes.").

Nonetheless, Bobb fails to "show that there is a reasonable probability that, but for [Morrison's] unprofessional errors, the result of the proceeding would have been different." *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. There was substantial evidence at trial tying Bobb to the conspiracy to commit murder and the murder.

Thus, the state court's determination that Bobb suffered no prejudice under the *Strickland* standard was not contrary to or an unreasonable application of that standard, and was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, the district court properly denied Bobb's habeas petition.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.